IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Aaron Brewton,<br><br>                 Plaintiff,<br><br>vs.<br><br>Larry W. Powers, Director,<br><br>                 Defendant. | Civil Action No. 6:08-24-PMD-WMC<br><br>**O R D E R** |

       This matter is before the court on the plaintiff's "Request for Interrogatories" and "Request to Admit" (doc. 22). The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

       In his complaint, the plaintiff claims that while incarcerated at the Spartanburg County Detention Facility ("SCDF") he was deprived of his constitutional rights during and for a short time after a riot occurred in his housing area, or pod, at the SCDF. Specifically, he claims that during the lockdown after the riot, the inmates had no running water or toilet flushing, no hygiene items, showers, or shoes, and no outgoing mail, visitation, or phones. Additionally, he claims that for three days the inmates were fed only two sandwiches and water for each meal.

On June 20, 2008, the defendant filed a motion for summary judgment. By order of this court filed June 23, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. On July 28, 2008, the plaintiff filed a document entitled "Request for Interrogatories" and "Request to Admit." While this document was docketed as a motion to compel, it appears that the plaintiff was merely filing his discovery requests. There is no indication that these discovery requests have been previously served upon the defendant. The plaintiff is reminded that discovery requests should not be filed with the court but should be served upon the defendant in accordance with Federal Rules of Civil Procedure 33, 34, and 36. Accordingly, the motion (doc. 22) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

September 2, 2008

Greenville, South Carolina

2